UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK PHILIP MADRID,

               Plaintiff,

v.

LUCAS ADKINS,

               Defendants.

Case No. C19-1710 JLR-TLF

REPORT AND RECOMMENDATION

Noted for September 4, 2020

This matter comes before the Court on plaintiff's Motion for Extension of Time for Service of Complaint and Summons (Dkt. 15) and the defendants' Joint Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) (Dkt. 16, 17, 19). For the reasons set forth below, the undersigned recommends that the Court grant plaintiff's motion for extension of time and deny defendants' motion to dismiss.

## Background

Plaintiff filed this 42 U.S.C. Section 1983 action on October 23, 2019. Dkt. 1. Pursuant to Fed. R. Civ. P. 4(m) plaintiff had 90 days from October 23, 2019 to serve the defendants with the summons and complaint; plaintiff was required to serve the defendants by January 21, 2020.

Plaintiff states that on January 15, 2020 plaintiff mailed a copy of the complaint and request to waive service to the defendants. Dkt. 15 at 3. Plaintiff mistakenly believed that "return of waivers related-back to the date they were sent" and that by

REPORT AND RECOMMENDATION - 1

1  mailing the complaint and waiver plaintiff would be complying with the service of
2  process requirement. Dkt. 15 at 3. On January 31, 2020 the attorney for defendants
3  Adkins, Beecher, Kinney, and City of Arlington filed a notice of appearance. Dkt. 3. On
4  February 4, 2020, the attorney for defendants Cascade Valley Hospital filed a notice of
5  appearance. Dkt. 5. On February 12, 2020, the attorney for defendants Koroleva and
6  Miller filed a notice of appearance. Dkt. 6.

7  After receiving a refusal to waive formal service from defendant Cascade Valley
8  Hospital, plaintiff filed a Praecipe to Issue Summons on March 2, 2020 (Dkt. 9). Dkt. 15
9  at 4. On March 3, 2020, the Court electronically issues a summons. Dkt. 10. On April 2,
10 2020, plaintiff filed a Motion for Extension of Time for Service pursuant to Fed. R. Civ.
11 P. 4(m), requesting that the Court grant plaintiff until March 3, 2020 to properly serve
12 defendants. Dkt. 15.

13 Plaintiff's attorney informs the Court that plaintiff's attorney "had not had occasion
14 in her practice to request waivers of formal service, and failed to research beyond the
15 face of the federal forms and the Federal Rule of Civil Procedure 4(d)(1)(F)." Dkt. 15 at
16 5. Plaintiff's attorney further states that she believed that by requesting that defendants
17 return the waiver in 45 days, the time for plaintiff to serve defendants would be
18 extended over the period of time she would be traveling to India, from January 20, 2020
19 to February 19, 2020. Dkt. 15 at 5.

20 On April 2, 2020, the same day that plaintiff filed the motion for extension of time,
21 defendants Adkins, Beecher, Kinney and City of Arlington filed a Motion to Dismiss
22 pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Dkt. 16. In the motion, defendants
23 contend that plaintiff's only attempt to serve the moving defendants had been by mailing

24

25

REPORT AND RECOMMENDATION - 2

1  the Complaint and Waiver of Service to the City of Arlington. Dkt. 16 at 2. The moving
2  defendants also state that, as of the date of the motion, plaintiff had not attempted
3  personal service on the individual officers or the City of Arlington. *Id.* Defendants
4  Adkins, Beecher, Kinney and City of Arlington argue that plaintiff failed to properly serve
5  the moving defendants and request that the Court dismiss the complaint. *Id.*

6        On April 6, 2020, defendants Miller and Koroleva joined the motion to dismiss
7  (Dkt. 16). Dkt. 17. On April 8, 2020, defendant Cascade Valley Hospital joined the
8  pending motion to dismiss (Dkt. 16). Dkt. 19.

9        Defendant Cascade Valley Hospital opposes plaintiff's motion for extension of
10 time (Dkt. 15). Dkt. 18. Cascade Valley Hospital argues that plaintiff is unable to show
11 good cause for failing to serve the defendants and is unable to show a compelling
12 reason for the Court to exercise its discretion to extend time for service of process. Dkt.
13 18. Defendants Miller and Koroleva also filed a response opposing plaintiff's motion for
14 extension of time. Dkt. 20. Defendants Miller and Koroleva request that the Court deny
15 plaintiff's motion for extension of time and dismiss the complaint for failure to serve
16 defendants. Dkt. 20. Defendants Adkins, Beecher, Kinney, and City of Arlington joined
17 their co-defendants in opposing plaintiff's motion for extension of time. Dkt. 21.

18       On April 10, 2020, plaintiff filed a reply to the defendants' opposition to the
19 motion for extension of time. Dkt. 25. Plaintiff concedes that plaintiff did not serve
20 defendants within the 90-day time limit set forth under Fed. R. Civ. P. 4(m). Dkt. 25 at 2.
21 Plaintiff also informs the Court that plaintiff's attorney mistakenly believed that the
22 Summons issued by the Clerk on March 3, 2020, amounted to proper service of the
23 complaint and summons on defendants. Dkt. 25 at 3, 6. Plaintiff also states that plaintiff
24
25

REPORT AND RECOMMENDATION - 3

has now hired a process server to properly serve the defendants. *Id.* at 6-7. On April 21, 2020 plaintiff filed Affidavits of Service for all defendants. Dkts. 29-31. Plaintiff's reply requests that the Court grant plaintiff an extension of time to the date that the process server serves defendants. Dkt. 25 at 8.

Discussion

Pursuant to Fed. R. Civ. P. 4(m) a plaintiff must serve the defendants within 90 days after the date of filing the complaint. If plaintiff fails to serve the defendants within this timeframe, the Court performs a two-step analysis: (1) if plaintiff can show good cause for defective service, then the Court must extend the time period, and (2) if there is no good cause for the delay, the Court has discretion to dismiss or to extend the time for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); Fed. R. Civ. P. 4(m).

For the reasons discussed herein, the undersigned recommends that the Court find that plaintiff has not shown good cause for the delay in service, but the Court should exercise its discretion to extend plaintiff's time to serve defendants.

A. Good Cause

Pursuant to Rule 4(m), if a plaintiff can show good cause for failing to serve the defendants within the time specified, the Court must extend the time to serve. For purposes of Rule 4(m), good cause, at a minimum, means excusable neglect. *In re Sheehan*, 253 F.3d at 512. The Court may require that plaintiff make a showing regarding the following factors in order to bring the excuse to the level of good cause: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

REPORT AND RECOMMENDATION - 4

However, the Ninth Circuit has explained that inadvertence or mistake on the part of plaintiff's attorney is insufficient to show good cause for failing to timely serve the defendants. *E.g., Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987), *Hart v. United States*, 817 F.2d 78, 81 (9th Cir. 1987); *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Further, the fact that plaintiff's claims may be time barred if dismissed, by itself, is insufficient to show good cause. *Wei*, 763 F.2d at 372.

Plaintiff states that plaintiff failed to timely serve the defendants because plaintiff's attorney misunderstood the service requirements under Rule 4 and failed to research beyond the face of the federal forms and the Federal Rule of Civil Procedure 4(d)(1)(F). Dkt. 15. However, it is well established that plaintiff's attorney misunderstanding the Federal Rules of Civil Procedure and failing to research the requirement for service does not amount to good cause for failing to timely serve the defendant.

Accordingly, the undersigned recommends that the Court find that plaintiff has not shown good cause for failing to serve defendants within the 90-day period set forth in Rule 4(m).

B. Courts Discretion

Plaintiff also argues that the Court should exercise its discretion to grant an extension of time to serve defendants. Dkt. 15.

Plaintiff cites to several Ninth Circuit cases for the proposition that the Court should apply the excusable neglect standard set forth in *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Dkt. 15, 25. Plaintiff asserts the excusable

neglect factors of *Pioneer* and *Briones* should be applied by the Court; these are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

But, these factors are applicable to the excusable neglect element in Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9006(b), not Rule 4(m). *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013) (*citing Lemoge*, 587 F.3d at 1198 without applying the excusable neglect standard to Rule 4(m)); *Lemoge*, 587 F.3d at 1192 (applying these factors in the context of a Rule 60 motion); *In re Sheehan*, 253 F. 3d 513-14 (applying these factors in analyzing Bankruptcy Rule 9006(b)). Rule 60(b)(1) and Bankruptcy Rule 9006(b)(1) each expressly require a showing of excusable neglect before plaintiff may be granted equitable relief.

Yet, Rule 4(m) does not contain an excusable neglect requirement. Therefore, the Court is not required to make a finding of excusable neglect before exercising discretion to either grant an extension of time or dismiss this action under Rule 4.

The Court has broad discretion when determining whether to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Court also has the discretion to extend the time to serve retroactively, after the timeframe for service has expired. *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). When determining whether to grant an extension of time, the Court may consider factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw*, 473 F.3d at 1041. Additionally, relief may be justified when the applicable statute of limitations would bar the re-filed action.

*See*, Fed. R. Civ. P. 4, Advisory Committee Note to 1993 Amendments; *2,164 Watches*, 366 F.3d at 773, *Mann v. Am. Airlines*, 324 F.3d 1088, 1091 (9th Cir. 2003).

Plaintiff concedes that this action was filed one day prior to the expiration of the statute of limitations for plaintiff's claims. Dkt. 15 at 2. Therefore, the applicable statute of limitations would bar plaintiff from refiling this action. The fact that the statute of limitations would bar plaintiff from refiling his claims favors granting the plaintiff an extension of time.

Next, the only prejudice that any defendant has pointed to is the fact that granting extension of time would prevent the defendants from asserting the affirmative defense of statute of limitation in any refiled action. Dkt. 20. Being forced to litigate an action on the merits is not prejudice for purposes of determining whether to grant an extension of time. *See, Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)). The defendants have not otherwise shown they would be prejudiced if the Court were to grant plaintiff an extension of time.

Additionally, plaintiff mailed a copy of the complaint and request to waive service to the defendants. Dkt. 15. Shortly after, the attorneys for each defendant filed a notice of appearance in this action. Dkt. 3 (Attorney for defendants Adkins, Beecher, Kinney, and City of Arlington); Dkt. 5 (Attorney for defendants Cascade Valley Hospital); Dkt. 6 (Attorney for defendants Koroleva and Miller). This indicates that defendants did in fact receive actual notice of the lawsuit and the allegations of the complaint. After two failed attempts, plaintiff effectuated service in April of 2020. Dkt. 29, 30, 31. The fact that

1  defendants received actual notice of the lawsuit and were later properly served weighs

2  in favor of granting plaintiff an extension of time. *Efaw*, 473 F.3d at 1041.

3  Accordingly, considering the factors set forth in *Efaw* and *2,164 Watches,* the

4  undersigned recommends that the Court should exercise its discretion to grant plaintiff

5  an extension of time to serve defendants. Additionally, as plaintiff has now served the

6  defendants, the Court should retroactively grant an extension of time and find that

7  plaintiff has met the service requirements under Rule 4(m).

8     C. Defendants' Motion to Dismiss

9  The defendants have moved to dismiss this action based on insufficient process

10 and insufficient service of process under Rule 12(b)(4) and 12(b)(5). Dkt. 16, 17, 19.

11 The undersigned recommends that the Court retroactively grant plaintiff an extension of

12 time to serve the defendants and find that plaintiff has met the service requirements

13 under Rule 4(m). If the Court adopts this Report and Recommendation, the Court

14 should deny defendants' motion to dismiss pursuant to Rule 12(b)(4) and 12(b)(5).

15 Conclusion

16 Based on the foregoing, the undersigned recommends that the Court

17 retroactively grant plaintiff an extension of time to serve the defendants and find that

18 plaintiff has met the service requirements under Rule 4(m). The Court should also deny

19 defendants' motion to dismiss pursuant to Rule 12(b)(4) and 12(b)(5).

20 The parties have **fourteen (14) days** from service of this Report and

21 Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6;

22 FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for

23 purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the

24

25

REPORT AND RECOMMENDATION - 8

parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on September 4, 2020, as noted in the caption.

        Dated this 20th day of August, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9