UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK PHILIP MADRID,

               Plaintiff,

   v.

LUCAS ADKINS,

               Defendants.

Case No. C19-1710 JLR-TLF

REPORT AND RECOMMENDATION

Noted for November 27, 2020

This matter comes before the Court on the City of Arlington's motion for partial summary judgment. Dkt. 23. Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of plaintiff's constitutionally protected rights. Dkt. 1. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4); Dkt. 53. For the reasons set forth below, the Court should grant the City of Arlington's motion and dismiss plaintiff's Public Records Act claims without prejudice.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's claims arise from an alleged arrest and subsequent unlawful blood draw and forced catheterization. Dkt. 1.

Plaintiff's complaint alleges that plaintiff was arrested outside of his brother's home. Dkt. 1 at ¶¶ 4.1, 4.7, 4.9. Plaintiff states that the arresting officers decided to transport plaintiff to Cascade Valley Hospital because plaintiff was intoxicated. *Id.* at ¶

REPORT AND RECOMMENDATION - 1

1  4.9-4.12. Plaintiff's indicates that he was not injured and did not otherwise need
2  medical care. Dkt. 1 at ¶ 4.14. Plaintiff contends that when he arrived at Cascade Valley
3  Hospital the defendants forced plaintiff into four-point restraints and subjected plaintiff to
4  a warrantless blood draw and warrantless catheterization. *Id.* at ¶¶ 4.17-4.21.

5  Plaintiff's complaint alleges that "Defendant Officers and City of Arlington failed to
6  produce any audio or video of the hours-long encounter with [plaintiff] at his brother's
7  home, in the police vehicle, in the hospital, or in the ride to jail." Dkt. 1 at ¶ 4.94. In his
8  Seventh Cause of Action, plaintiff contends that "[c]oncerning the incident on October
9  24, 2016, involving Fred Madrid at all times described herein, Defendant City of
10 Arlington failed to meet their burden in promptly producing all public records requested,
11 in violation of RCW 42.56 *et seq.*" *Id.* at ¶ 5.11.

12 The complaint requests that the Court order the disclosure and production of all
13 non-exempt documents and information requested by plaintiff that has not been
14 produced. *Id.* at ¶ 6.4. Finally, plaintiff also requests penalties and reasonable attorney
15 fees be awarded pursuant to RCW 42.56.550(4). *Id.* at ¶¶ 6.5-6.6.

16 The City of Arlington filed a motion for partial summary judgment arguing that the
17 Court should dismiss plaintiff's Public Records Act claims or in the alternative, find that
18 plaintiff is not entitled to penalties for the alleged violations of RCW 42.56.550. Dkt. 23.
19 First, the City of Arlington argues that the complaint fails to state a claim under the
20 Public Records Act because it does not provide any factual allegations describing a
21 public records request or how the City violated the Public Records Act. Dkt. 23 at 3.

22 The City of Arlington contends that the City received one public records request
23 from plaintiff on March 5, 2018 requesting documents covering a three-year period. Dkt.

24

25

REPORT AND RECOMMENDATION - 2

1  23 at 2-3; Dkt. 24 (Declaration of Terry Quintrall) at ¶¶ 10-11. The City states that it has
2  produced several installments of records and that the request remains open. Dkt. 23 at
3  3-4; Dkt. 24 at ¶¶ 12-15.
4        Accordingly, the City of Arlington argues that plaintiff's Public Records Act claims
5  are premature and should be dismissed because the City has not taken a final action to
6  deny the public records request. Dkt. 23 at 5, 8-9. In the alternative, the City of Arlington
7  request that the Court find that plaintiff is not entitled to penalties for alleged procedural
8  violations of the Public Records Act. Dkt. 23 at 10-11.
9        Plaintiff has opposed the City of Arlington's motion for summary judgment. Dkt.
10  36. Plaintiff's response contends that the City of Arlington provided inadequate records
11  and continues to request an unreasonable amount of time to produce responsive
12  records. *Id*. at 2. Plaintiff agrees with the City of Arlington that plaintiff made the public
13  records request in question on March 5, 2018. *Id*.
14        Plaintiff concedes that a requestor may not bring a cause of action under RCW
15  42.56.550(1) challenging an agency denial of a records request until the agency has
16  denied and closed the request at issue. Dkt. 36 at 6. However, plaintiff argues, for the
17  first time in his response brief, that plaintiff's claims are under RCW 42.56.550(2)
18  challenging the reasonableness of the City of Arlington's estimate of time to respond. *Id*.
19  at 6-7. Accordingly, plaintiff contends that because RCW 42.56.550(2) does not have a
20  final action requirement, his claims are not premature. *Id* at 6.
21        Plaintiff argues that the City of Arlington has failed to respond or deny a number
22  of requests and instead continues to inform plaintiff that it would take months to procure
23  responsive records. Dkt. 36 at 3. Plaintiff maintains that summary judgment should be

REPORT AND RECOMMENDATION - 3

denied because questions of fact remain regarding whether the City of Arlington acted reasonably, diligently and provided reasonable time estimates. Dkt. 36 at 7-11.

## II.  DISCUSSION

For the reasons set forth below, the Court should grant the City of Arlington's motion for partial summary judgment and dismiss the plaintiff's allegations regarding the Public Records Act without prejudice.

Summary judgment is supported if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson*, 477 U.S. at 255. However, the Court is not allowed to weigh evidence or decide credibility. *Id*. If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of the pleadings; his or her response,

REPORT AND RECOMMENDATION - 4

by affidavits or as otherwise provided in Fed. R. Civ. P. 56, must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

In response to the motion for summary judgment, the nonmoving party is required to present specific facts, and cannot rely on conclusory allegations. *Hansen v. U.S.*, 7 F.3d 137, 138 (9th Cir. 1993). The Court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of Oregon*, 698 F.3d 715, 728-29 (9th Cir. 2012).

The Washington Public Records Act is a strongly worded mandate requiring government agencies to disclose any public record upon request, unless an enumerated exemption applies. *Andrews v. Wash. State Patrol*, 183 Wn. App. 644, 651 (2014). The Public Records Act provides causes of actions for two types of violations: "(1) when an agency wrongfully denies an opportunity to inspect or copy a public record or (2) when an agency has not a made a reasonable estimate of the time required to respond to the request." *Andrews*, 183 Wn. App. at 651; RCW 42.56.550(1), (2).

A. RCW 42.56.550(1) – Wrongful Denial of Request

Under RCW 42.56.550(1) the denial of a requested record is a prerequisite to file an action challenging an agency's decision denying an opportunity to inspect or copy a public record. *Hobbs v. Wash. State Auditor's Office*, 183 Wn.App. 925, 936 (2014). The denial of a requested public records occurs when "it reasonably appears that an agency

1  will not or will no longer provide responsive records." *Id.* And, the failure to properly

2  respond to a records request can be treated as a denial. *Neighborhood Alliance of*

3  *Spokane County v. Spokane County*, 172 Wn.2d 702, 721 (2011). Before initiating a

4  Public Records Act claim under RCW 42.56.550(1), the requestor must allege some

5  agency action or inaction, indicating that the agency will not be providing responsive

6  records. *Hobbs*, 183 Wn.App. at 936 (holding that the requestor does not have a

7  cognizable RCW 42.56.550(1) claim while the agency continues to provide responsive

8  records.)

9      Plaintiff alleges that the City of Arlington has failed to produce certain records,

10 but does not allege that the City of Arlington has denied plaintiff's records request. Dkt.

11 1, Complaint, at ¶ 4.94. The City of Arlington provided the Declaration of Terry Quintrall;

12 the declaration indicates the plaintiff's public records request is still open and has not

13 been denied. Dkt. 24 at ¶¶ 12, 15.

14     Plaintiff's response brief opposing the motion for summary judgment clarifies that

15 plaintiff is not claiming that plaintiff's record request was denied. Dkt. 36 at 6. Therefore,

16 there is no dispute regarding whether the City of Arlington has taken a final action by

17 denying plaintiff's March 5, 2018 public records request – the parties agree that no final

18 action has happened.

19     Based on the foregoing, plaintiff claims under RCW 42.56.550(1) are premature

20 and should be dismissed.

21     B.  RCW 42.56.550(2) – Unreasonable Estimate of Time

22     When an agency responds to a records request with an estimate of time, the

23 requestor may bring a cause of action challenging the reasonableness of the estimate.

24

25

REPORT AND RECOMMENDATION - 6

RCW 42.56.550(2). In such a judicial action the agency has the burden of proof to show that the time estimate was reasonable. *Freedom Found. v. Dep't of Soc. & Health Servs.*, 9 Wn.App. 2d 654, 666 (2019). RCW 42.56.550(2) does not require a final action or denial in order to seek judicial review.

Plaintiff alleges, for the first time in the response brief, that plaintiff's claims are challenging the reasonableness of the City of Arlington's time estimates under RCW 42.56.550(2) and therefore do not require a final agency action. Dkt. 36 at 6-11. Yet plaintiff's complaint does not allege facts indicating that the City of Arlington provided an unreasonable estimate of time – instead, the complaint alleges that the City of Arlington failed to produce all public records. Dkt. 1 at ¶¶ 4.91, 5.11. Additionally, plaintiff does not request that the Court make a finding regarding the reasonableness of the City's time estimate. Rather, the complaint requests production of all non-exempt documents along with an award of penalties and reasonable attorney fees under RCW 42.56.550(4).

A party cannot assert unpled theories and claims for the first time in response to a motion for summary judgment. *Navajo Nation v. United States Forest Servs.*, 535 F.3d 1058, 1080 (9th Cir. 2008), *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006). Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint give the defendants fair notice of the plaintiff's claims and the facts upon which plaintiff bases the claims. *Pickern*, 457 F.3d at 968. Accordingly, the Court should decline to address allegations raised for the first time in a response to a motion for summary judgment when the complaint did not provide sufficient notice of these allegations. *Id.* at 965.

<^>

RCW 42.56.550(2). In such a judicial action the agency has the burden of proof to show that the time estimate was reasonable. *Freedom Found. v. Dep't of Soc. & Health Servs.*, 9 Wn.App. 2d 654, 666 (2019). RCW 42.56.550(2) does not require a final action or denial in order to seek judicial review.

Plaintiff alleges, for the first time in the response brief, that plaintiff's claims are challenging the reasonableness of the City of Arlington's time estimates under RCW 42.56.550(2) and therefore do not require a final agency action. Dkt. 36 at 6-11. Yet plaintiff's complaint does not allege facts indicating that the City of Arlington provided an unreasonable estimate of time – instead, the complaint alleges that the City of Arlington failed to produce all public records. Dkt. 1 at ¶¶ 4.91, 5.11. Additionally, plaintiff does not request that the Court make a finding regarding the reasonableness of the City's time estimate. Rather, the complaint requests production of all non-exempt documents along with an award of penalties and reasonable attorney fees under RCW 42.56.550(4).

A party cannot assert unpled theories and claims for the first time in response to a motion for summary judgment. *Navajo Nation v. United States Forest Servs.*, 535 F.3d 1058, 1080 (9th Cir. 2008), *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006). Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint give the defendants fair notice of the plaintiff's claims and the facts upon which plaintiff bases the claims. *Pickern*, 457 F.3d at 968. Accordingly, the Court should decline to address allegations raised for the first time in a response to a motion for summary judgment when the complaint did not provide sufficient notice of these allegations. *Id.* at 965.

REPORT AND RECOMMENDATION - 7

Plaintiff's complaint makes no factual allegations that the City of Arlington provided an unreasonable estimate of time to produce responsive documents. Plaintiff cannot rely on factual allegations raised for the first time in response to a motion for summary judgment to allege new Public Records Act claims or circumvent the final action requirement under RCW 42.56.550(1). Therefore, the Court should hold that plaintiff's complaint fails to state a claim under RCW 42.56.550(2).

### III. CONCLUSION

Based on the foregoing discussion plaintiff's complaint fails to allege a cognizable Public Records Act claim under RCW 42.56.550(1) or RCW 42.56.550(2). Accordingly, the Court should GRANT the City of Arlington's motion for partial summary judgment (Dkt. 23) and dismiss plaintiff's Public Records Act claims without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2).

Accommodating this time limitation, this matter shall be set for consideration on **November 27, 2020**, as noted in the caption.

Dated this 13th day of November, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9