UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK PHILIP MADRID,

                 Plaintiff,

   v.

LUCAS ADKINS,

                 Defendants.

Case No. C19-1710 JLR-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on plaintiff's motion for joinder. Dkt. 44. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4); Dkt. 59. For the reasons set forth below, plaintiff is directed to show cause why plaintiff's motion for joinder should not be denied. In the alternative, plaintiff may file a proposed amended complaint for the Court to consider in determining plaintiff's motion.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brings the pending motion to add proposed defendants pursuant to Fed. R. Civ. P. 20(a)(2) and proposed claims pursuant Fed. R. Civ. P. 18(a). Dkt. 44. Plaintiff seeks to add Julie Blazek, Peter Browning, Frei Burton, Bruce Lisser, Jeffrey Miller, Dale Ragan, Gary Shand, Gregg A. Davidson, the City of Arlington/Police Department and Arlington Police Chief Jonathan Ventura as defendants in this action. Dkt. 44 at 7-8.

ORDER TO SHOW CAUSE - 1

Additionally, plaintiff seeks to add Fourth Amendment claims against the City of Arlington and Police Chief Ventura. Dkt. 44 at 8-12.

Plaintiff has informed the Court that plaintiff no longer seeks to add Gregg A. Davidson, Julie Blazek, Peter Browning, Frei Burton, Bruce Lisser, Jeffrey Miller, Dale Ragan or Gary Shand as defendants. Dkt. 46. However, plaintiff maintains his motion to add claims against the City of Arlington, the City of Arlington Police Department and Arlington Police Chief Jonathan Ventura. Dkt. 46.

Defendants City of Arlington, Adkins, Beecher and Kinney have filed a response opposing plaintiff's motion. Dkt. 48. The opposition contends that plaintiff's motion should be denied, because plaintiff's proposed amendments are futile, brought in bad faith for a dilatory purpose, prejudicial and against judicial economy. *Id*. at 3-7.

II. DISCUSSION

When a party seeks to join additional parties to a complaint, the plaintiff must seek leave to amend the complaint and plaintiff has the burden of meeting the requirements of both Rule 15 and Rule 20. *See, Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) (discussing the requirements for adding an adverse party as part of amended pleading under Rule 15(a)); Moore's Federal Practice § 20.02 (3d ed. 1999) (stating that a plaintiff, in seeking to join additional parties, "must seek leave to amend [and] Plaintiff has the burden of demonstrating that the proposed restructuring of the litigation satisfies both requirements of the permissive party joinder rule").

Based on the foregoing, the Court interprets plaintiff's motion as a motion for leave to amend the complaint to add defendants and claims as permitted under Rules 18 and 20.

ORDER TO SHOW CAUSE - 2

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.")

Additionally, pursuant to Local Civil Rule 15:

> [a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

The Court must consider five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at 1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). For each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

1. Prejudice to Opposing Party

When considering these factors, prejudice to the opposing party carries the most weight. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). In the context of a motion to amend, prejudice means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Wizards of

*the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015). The party opposing amendment bears the burden of showing that they will be unduly prejudiced by the amendment. *DCD Programs, Ltd.*, 833 F.2d at 187. The party opposing amendment must do more than merely assert prejudice, the party must show substantial prejudice. *Wizards of the Coast LLC*, 309 F.R.D. at 652 (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1988)).

Here, defendants City of Arlington, Adkins, Beecher and Kinney assert that plaintiff has unnecessarily prolonged litigation and therefore allowing further amendment would prejudice the defendants. However, the defendants do not indicate how they will be prejudiced by the proposed amendments or how any purported prejudice is substantial. Accordingly, defendants have now shown that granting leave to amend would unduly prejudice the defendants.

    2. <u>Bad Faith</u>

Next, defendants City of Arlington, Adkins, Beecher and Kinney argue that plaintiff's attempt to add Chief Ventura is in bad faith because plaintiff allegedly failed to provide facts establishing that Chief Venture is a proper party or why plaintiff failed to add Chief Ventura as a party earlier in the litigation. However, in the context of a motion for leave to amend, bad faith means affirmatively acting with an intent to deceive, harass, mislead, delay or disrupt. *Wizards of the Coast LLC*, 309 F.R.D. at 651. Bad faith is more than acting with bad judgment or negligence, the opposing party must demonstrate "a conscious doing of a wrong because of dishonest purpose or moral obliquity." *Id.* (quoting *United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1185 (9th Cir. 2003)).

ORDER TO SHOW CAUSE - 4

Here, the defendants argue that the timing and circumstances of plaintiff's proposed joinder indicate bad faith. However, there is no evidence presented indicating that plaintiff acted with a dishonest purpose or moral obliquity. Accordingly, the defendants have not demonstrated that plaintiff is acting in bad faith.

3. Undue Delay and Futility of Amendment

The Court must also consider whether allowing amendment would cause undue delay and whether plaintiff's proposed amendments are futile. *Desertrain*, 754 F.3d at 1154.

When evaluating whether amendment will cause undue delay, the inquiry is not merely whether the plaintiff has complied with the scheduling order. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). The Court must consider whether the moving party knew or should have known the facts and theories raised by the amendment at the time of the original pleading. *Id.*

Futility of amendment alone can justify the denial of a motion to amend. *Johnson*, 356 F.3d at 1077. Leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir. 2018). However, a plaintiff is not required to produce evidence supporting the amended complaint at this early pleading stage, rather an amended complaint must plead facts sufficient to plausibly state a claim. *See, Barahona*, 881 F.3d at 1134, *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that the standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

When determining whether amendment would cause undue delay or whether amendment would be futile, the Court must consider the facts and theories raised in the proposed amendment. However, because plaintiff has not submitted a proposed amended complaint, the Court is unable to consider whether the proposed amendments cause an undue delay or are futile. Accordingly, the Court directs plaintiff to submit a proposed amended complaint in order for the Court to fully consider plaintiff's motion.

### III.   CONCLUSION

Based on the foregoing discussion, the Court directs plaintiff to, by no later than January 22, 2021, show cause why plaintiff's motion (Dkt. 44) should not be denied under Local Civil Rule 15 or submit a proposed amended complaint in compliance with Local Civil Rule 15. Additionally, plaintiff is directed to show cause why plaintiff's proposed amendments should not be denied as causing undue delay and why the proposed amendments are not futile.

The Clerk of the Court is directed to send this Order to counsel for the parties in this action.

Dated this 29th day of December, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6